**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **JOANNE SCHNEIDER,** ) | Case No. 1:12 CV 778 |
| ) | |
| Petitioner, ) | Judge Dan Aaron Polster |
| ) | |
| vs. ) | <u>**OPINION AND ORDER**</u> |
| ) | |
| **COURT OF COMMON PLEAS OF** ) | |
| **CUYAHOGA COUNTY et al.,** ) | |
| ) | |
| Respondents. ) | |

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Joanne Schneider ("Petitioner"), who is in the custody of the Cuyahoga County Jail. Invoking the Double Jeopardy Clause of the Fifth Amendment, Petitioner asks this Court to prevent the State of Ohio from subjecting her to a new trial, which is set to start on August 20. Petitioner is being retried, however, because she won her appeal and in consequence had her original conviction and sentence vacated. Under these circumstances, the Double Jeopardy Clause does not prohibit a new trial. Accordingly, the writ is denied.

I.

On March 12, 2009, Petitioner entered a plea bargain with the State of Ohio in the Court of Common Pleas of Cuyahoga County. Petitioner pled guilty to 13 counts, including engaging in a pattern of corrupt activity, false representations in the sale of securities, theft, and money

laundering.  At least two of the counts were first-degree felonies.  The Government incorrectly advised the trial court that the possible sentence was between three and 129 years in prison.  The court sentenced Petitioner to a total of three years.

The Government quickly realized its error and appealed, arguing that the sentence violated Ohio Revised Code § 2929.14(B)(3)(a), which mandates a minimum ten-year sentence when the most serious offense in the pattern of corrupt activity is a felony of the first degree.  State v. Schneider ("Schneider I"), 2010-Ohio-2089, 2010 WL 1918560 ¶ 11 (Ohio App. May 13, 2010).  The Court of Appeals agreed, holding that Petitioner's sentence was void as contrary to law and remanding the case for resentencing.  Id. at ¶ 20.

At the resentencing hearing, Petitioner sought to withdraw her guilty plea.  The trial court did not allow it and sentenced her to the ten-year mandatory minimum.  Petitioner appealed.  The Court of Appeals sided with Petitioner, finding that she had not fully understood the consequences of her guilty plea having been under the wrong impression that a prison term of only three years—not ten—was mandatory.  State v. Schneider ("Schneider II"), 2011-Ohio-4097, 2011 WL 3612228 ¶ 33 (Ohio Ct. App. Aug. 18, 2011).  This, the court held, rendered the plea invalid.  Id. at ¶ 37.  The court therefore vacated Petitioner's plea and conviction and remanded the case for further proceedings.  Id. at ¶ 40.

On remand, Petitioner filed a motion to dismiss, arguing that a retrial would violate her Fifth Amendment right not to be placed twice in jeopardy.  On March 8, 2012, the trial court denied the motion.  On March 30, Petitioner filed the instant petition for writ of habeas corpus.[1]

---

[1] Petitioner's original sentence would have expired on March 12 of this year.  At the time she filed the instant petition she was under house arrest.  (Doc. # 1).  She is now back in the Cuyahoga County Jail for failing to appear in court on June 11.  (Doc. # 6-2).  Petitioner claims she was only two minutes late to court.  (Doc. # 6-3).

Petitioner named as respondents the Court of Common Pleas of Cuyahoga County and the trial judge, Shirley Strickland Saffold. They filed a return of writ on August 9. In turn, Petitioner filed a reply yesterday, August 13.

II.

    A.

Normally, habeas petitioners in state custody must exhaust their state-court remedies, usually by appealing to the highest court of the state, before seeking relief in federal court. Turner v. Bagley, 401 F.3d 718, 724 (6th Cir. 2005). But this exhaustion requirement does not apply when a resort to the state remedies would be an exercise in futility. Id. Exhaustion is futile when, as here, a criminal defendant has preemptively challenged her retrial on double-jeopardy grounds and lacks a right under state law to take an interlocutory appeal. See Gully v. Kunzman, 592 F.2d 283, 286–87 (6th Cir. 1979); Klein v. Leis, 548 F.3d 425, 430 n.2 (6th Cir. 2008). Indeed, "if a criminal defendant is to avoid *exposure* to double jeopardy and thereby enjoy the full protection of the Clause, his double jeopardy challenge...must be reviewable before that subsequent exposure occurs." Gully, 592 F.2d at (citing Abney v. United States, 431 U.S. 651, 662 (1977) (original emphasis)); see also Klein, 548 F.3d at 430 n.2 ("If normal exhaustion rules were followed, the criminal defendant with a meritorious claim would have to submit to a second trial before seeking redress.") Thus, Petitioner's failure to exhaust her state-court remedies does not prevent this Court from considering the merits of her double-jeopardy claim.

B.

The Double Jeopardy Clause of the Fifth Amendment, applicable to the States through the Fourteenth Amendment, provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb...." U.S. Const. amend. V.  Generally, the clause protects a person "against a second prosecution for the same offense after conviction." North Carolina v. Pearce, 395 U.S. 711, 717 (1969).  But it is well established that a defendant who is successful in having her conviction set aside on appeal may be tried again for the same offense. United States v. Ball, 163 U.S. 662 (1896).  The Supreme Court reiterated this principle in North Carolina v. Pearce, 395 U.S. 711, 720 (1969): "At least since 1896, when United States v. Ball, 163 U. S. 662, was decided, it has been settled that [the Double Jeopardy Clause] imposes no limitations whatever upon the power to retry a defendant who has succeeded in getting his first conviction set aside."  Indeed, the Fifth Circuit, citing Ball, has held that when a new trial is granted on grounds of "involuntariness of the plea bargain, we can easily dispose of ...[Petitioner's] claim that his subsequent prosecution violated the double jeopardy clause of the Fifth Amendment as applied by the Fourteenth.  Absent reversal of a conviction based upon insufficiency of the evidence, retrial of a defendant is not barred." Deloney v. Estelle, 713 F.2d 1080, 1087 (5th Cir. 1983).

Thus, because Petitioner successfully had her conviction set aside on appeal on the grounds that her plea bargain was involuntary, the Double Jeopardy Clause does not bar a new trial.

III.

Petitioner raises another ground for relief for the first time in her reply brief. (Doc. # 11). She argues that her due-process rights have been violated because the prosecuting attorney has taken inconsistent positions—originally agreeing with the trial court that the sentencing range was three to ten years and then disagreeing on appeal.

First, new arguments raised in a reply brief generally will not be entertained. United States v. Corizer, 259 F.3d 503, 517 (6th Cir. 2001). Second, due-process arguments do not present the same futility concerns as double-jeopardy claims. Petitioner has not exhausted her state-court remedies, and she is not excused from doing so. Finally, Petitioner does not have a right—and certainly does not have a Fourteenth Amendment due-process right—to an illegal sentence, which is what, in essence, she is seeking. Accordingly, Petitioner's due-process claim is denied.

IV.

For the foregoing reasons, Petitioner's writ of habeas corpus (**Doc. # 1**) is denied.

**IT IS SO ORDERED.**

 */s/ Dan A. Polster     August 14, 2012*
**Dan Aaron Polster**
**United States District Judge**